*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VIVIAN WINANS,

        Plaintiff-Appellee,

v

FARMERS INS EXCHANGE,

        Defendant-Appellant,

and

DEBORAH MORRISON and MORRISON INS
AGENCY,

        Defendants.

UNPUBLISHED
May 28, 2020

No. 347872
Oakland Circuit Court
LC No. 2018-163029-CZ

Before: BECKERING, P.J., and FORT HOOD and SHAPIRO, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent. I would affirm the trial court's denial of defendant's motion for summary disposition, though on different grounds than it articulated.

Defendant Farmers Insurance Exchange relies on a provision in the policy that limits recovery for "electronic data processing equipment" and various other items to the degree that they are "used with the foregoing [electronic data processing equipment]." Thus, plaintiff's CDs comes within this provision only if the associated equipment, i.e., a CD player, is "electronic data processing equipment." The policy does not define "electronic data processing equipment." I conclude that a reasonable insured would not necessarily understand that phrase to include a CD player. A CD player does use digital information to recreate the music, but such devices are not necessarily understood to be "data processing equipment" any more than a turntable for playing vinyl records would be.

Further, the policy contains a more specific exclusion regarding music systems and this exclusion does not apply to the CDs stored on plaintiff's property. This provision is under the heading, "Types of Personal Property Not Insured," and reads in pertinent part:

> 7. *any sound*, video, mapping, tracking or communications *equipment or device or system designed for reproducing*, detecting, receiving, transmitting, recording or playing data, maps, location, *sound*, videos or pictures, and is designed only to be operated from the electrical system of any motor vehicle . . . . *This equipment includes* by way of example, but not limited to citizen band radios, radio or cellular telephones, radio transceivers, radio transmitter, two way mobile radios, scanning monitor receivers, radar or laser detectors, car radio receivers, tape or *disc players* or recorders, global positioning system devices and any accessories, antennas, tapes, *discs*, software, reels, cassettes, cartridges, carry cases or other devices used with such equipment device or system. [(Emphasis added).]

This provision plainly suggests that "disc players" and "discs" or a "system designed for reproducing . . . sound" are within the coverage of the policy unless they are intended for use in, and used in, a motor vehicle. Moreover, this provision does not use the term "electronic data processing equipment," strongly suggesting that the term "electronic data processing equipment" in the provision cited by defendant was not intended, or at least not unambiguously so, to include devices intended only for music reproduction despite the fact that they involve electronic means of reproducing music.

While defendant claims that the provision on which it relies is unambiguous, it is worth noting that it has not always been defendant's position that this provision includes CDs. The provision was not relied upon in the insurer's denial letter nor in its answer to the complaint or affirmative defenses. Although defendant is not estopped by its failure to cite the provision in its denial letter, that failure demonstrates that the provision defendant now claims is unambiguous was not recognized as such by its own adjusters, a fact that supports a finding of ambiguity.

Given the ambiguity of the provision on which defendant relies and the language of the provision set forth above, I conclude that a reasonable insured would not necessarily understand that the "electronic data processing equipment" exception included her CDs. Accordingly, I would affirm.

/s/ Douglas B. Shapiro